UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------

BRANDON R. CLARK,

                Plaintiff,

    -v-                                              5:14-CV-750

DEMATIC CORP.; DEMATIC NORTH
AMERICA; HK SYSTEMS, INC.; HK
SYSTEMS UHS; LITTON SYSTEMS, INC.;
LITTON SYSTEMS INTERNATIONAL, INC.;
LITTON UNIT HANDLING SYSTEMS, a
Division of Litton Systems, Inc.; NORTHROP
GRUMMAN GUIDANCE AND ELECTRONICS
COMPANY, INC.; WESTERN ATLAS INC.,
f/k/a Litton Industrial Automation Systems, Inc.;
DESIGNED CONVEYOR SYSTEMS, INC.;
DESIGNED CONVEYOR SYSTEMS, LLC;
INTERMEC, INC.; and INTERMEC
TECHNOLOGIES CORPORATION,

                Defendants.

------------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| PORTER NORDBY HOWE LLP<br>Attorneys for Plaintiff<br>125 East Jefferson Street, 11th Floor<br>Syracuse, NY 13202 | ERIC C. NORDBY, ESQ.<br>MICHAEL SCOTT PORTER, ESQ. |
| HARRIS BEACH PLLC<br>Attorneys for Defendants Dematic Corp.;<br>   Dematic North America; HK Systems, Inc.;<br>   and HK Systems UHS<br>333 West Washington Street, Suite 200<br>Syracuse, NY 13202 | DAVID M. CAPRIOTTI, ESQ. |

| | |
|---|---|
| HARTER SECREST & EMERY LLP<br>Attorneys for Defendants Litton Systems, Inc.;<br>    Litton Systems International, Inc.; Litton Unit<br>    Handling Systems; and Northrop Grumman<br>    Guidance and Electronics Company, Inc.<br>1600 Bausch & Lomb Place<br>Rochester, NY 14604 | JEFFREY A. WADSWORTH, ESQ.<br>RICHARD E. ALEXANDER, ESQ. |
| CIPRIANI & WERNER, P.C.<br>Attorneys for Defendant Western Atlas Inc.<br>409 Lackawanna Avenue, Suite 402<br>Scranton, PA 18509 | MELISSA A. DZIAK, ESQ. |
| SMITH, SOVIK, KENDRICK & SUGNET, P.C.<br>Attorneys for Defendants Designed Conveyor<br>    Systems, Inc. and Designed Conveyor<br>    Systems, LLC<br>250 South Clinton Street, Suite 600<br>Syracuse, NY 13202 | STEVEN W. WILLIAMS, ESQ.<br>SHANE P. SIMON, ESQ. |
| OFFICE OF THERESA J. PULEO, ESQ.<br>Attorneys for Defendants Intermec, Inc. and<br>    Intermec Technologies Corporation<br>441 South Salina Street, Suite 290<br>Syracuse, NY 13202 | MATTHEW J. ROE, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

This case arises from a workplace accident that occurred at a FedEx facility in Syracuse, New York, on February 17, 2011. Plaintiff Brandon R. Clark, a FedEx employee, was injured when his hand became entangled in a conveyor belt system.

On February 17, 2014, Clark filed this action in New York Supreme Court, Onondaga County, against the following corporate defendants: Dematic Corp. and Dematic North America ("Dematic"); HK Systems, Inc. and HK Systems UHS ("HK Systems"); Litton

- 2 -

Systems, Inc., Litton Systems International, Inc., and Litton Unit Handling Systems ("Litton"); Northrop Grumman Guidance and Electronics Co. ("Northrop Grumman"); Western Atlas Inc. ("Western"); Designed Conveyor Systems, Inc. and Designed Conveyor Systems, LLC ("Designed Conveyor"); and Intermec, Inc. and Intermec Technologies Corp. ("Intermec").[1]

Defendants removed the action to federal court in June 2014.  The Litton, Northrop Grumman, Dematic, HK Systems, Western, and Designed Conveyor defendants have filed a total of four motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  Clark opposes the motions and has filed a cross-motion seeking leave to file an amended complaint pursuant to Rule 15.  All five motions have been fully briefed.

Oral argument was heard in Utica, New York.  Decision was reserved.

## II. FACTUAL BACKGROUND

The following pertinent facts, taken from the proposed amended complaint, are assumed true for purposes of the motions to dismiss.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

During the relevant time period, Clark worked as a package handler for FedEx Ground Package System, Inc. in Syracuse, New York.  The FedEx facility had a conveyor system on which packages were moved about the facility.  This system consisted of various parts, including conveyor belts and metal rollers.  Litton designed and manufactured the system

---

[1] Plaintiff also sued "ABC Entities 1–3" in his original complaint, but has removed them from the proposed amended complaint.  Subject matter jurisdiction is based on the complete diversity of the parties pursuant to 28 U.S.C. § 1332.

[2] Litton and Northrop Grumman are represented by the same counsel.  Dematic and HK Systems are represented by the same counsel.  Intermec, which answered the complaint in state court and asserted a cross-claim against the co-defendants for contribution/indemnification, has not filed a motion to dismiss in this federal action.

and sold it to FedEx.[3] Designed Conveyor installed it at the FedEx facility. Plaintiff does not know the model number or serial number of the conveyer system.

On February 17, 2011, Clark's right hand became caught in an uncovered gap between a conveyor belt and a set of metal rollers as he removed a package from the conveyor system. He suffered serious permanent injuries to fingers on his right hand. Since the accident, FedEx has installed a plastic guard to cover the gap between the conveyor belt and the metal rollers.[4]

## III. DISCUSSION

### A. Cross-Motion to Amend

Clark seeks leave to file an amended complaint. Leave to amend a pleading should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). Where, as here, a plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court "has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint." Roller Bearing Co. of Am., Inc. v. Am. Software, Inc., 570 F. Supp. 2d 376, 384 (D. Conn. 2008).

As plaintiff does not seek to add more claims and defendants had an opportunity to

---

[3] According to a somewhat confusing series of corporate maneuvers described in the proposed amended complaint, Litton was acquired by HK Systems, which was then acquired by Dematic. Northrop Grumman, Western, and Intermec also reportedly acquired part or all of Litton. Plaintiff tacitly admits that he does not know each defendant's specific connection to the conveyor system and has indicated his willingness—after proper discovery—to voluntarily discontinue claims inappropriately asserted against any defendants. Nordby Decl. ¶ 8.

[4] Plaintiff attached six photographs depicting the conveyor belt system to the proposed amended complaint. In his motion papers, plaintiff's counsel has identified and submitted a citation issued to FedEx by OSHA as a result of Clark's injury. However, there is no reference to the OSHA citation in the proposed amended complaint.

respond to the proposed amended complaint, the merits of the motions to dismiss will be considered in light of the proposed amended complaint. If the proposed amended complaint cannot survive the motions to dismiss, then plaintiff's cross-motion will be denied as futile. See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

### B. Rule 12(b)(6) Motions to Dismiss—Legal Standard

Defendants argue that the proposed amended complaint must be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), because it fails to state any claims upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

When considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the plaintiff's favor. Chambers, 282 F.3d at 152. Further, a district court may consider documents attached to the complaint as exhibits or incorporated by reference therein. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

**C. Merits of the Motions to Dismiss**

In the proposed amended complaint, Clark asserts the following five causes of action: (1) strict products liability under the theory of design defect; (2) strict products liability under the theory of manufacturing defect; (3) breach of the warranty of merchantability; (4) breach of the warranty for fitness for a particular purpose; and (5) negligence under a failure to warn theory.

Defendants argue that—despite inspecting the conveyor system twice and receiving various documents from FedEx—plaintiff fails to plausibly allege which defendants, if any, designed, manufactured, assembled, sold, or installed the system at the FedEx facility. They further assert that plaintiff offers only conclusory allegations regarding the liability of defendants as successors to Litton.[5]

To hold a defendant liable for designing or manufacturing a defective product, a plaintiff must ultimately prove that the defendant actually designed or manufactured the product. See D'Amico v. Mfrs. Hanover Trust Co., 173 A.D.2d 263, 265 (N.Y. App. Div. 1st Dep't 1991). Further, under New York law, a corporation that purchases the assets of another corporation can only be held liable for the seller's liabilities if: "(1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." New York v. Nat'l Serv. Indus., Inc., 460 F.3d 201, 209 (2d Cir. 2006).

---

[5] Defendants have apparently abandoned their initial assertion that plaintiff fails to adequately plead a defect in the conveyor system. Indeed, the proposed amended complaint specifically includes allegations and photographs of an uncovered gap between a conveyor belt and metal rollers, in which plaintiff's right hand allegedly became entangled. FedEx reportedly remedied this defect after the accident.

In the proposed amended complaint, Clark alleges that Litton designed, manufactured, and sold the conveyor system, and that Designed Conveyor installed it at the FedEx facility. Such allegations, assumed to be true at the motion to dismiss stage, state plausible claims. Plaintiff is entitled to discovery to develop these allegations and determine which of the other defendants, if any, had a connection to the conveyor system or are liable as successors to Litton. See Varmon v. Zep Mfg. Co., No. 92 CIV. 4117, 1994 WL 97560, at *1 (S.D.N.Y. 1994) ("The present absence of evidence establishing the identity of the box manufacturer by no means demonstrates that Zep will not be able to prove liability after further discovery.").

Accordingly, the cross-motion to amend will be granted and the motions to dismiss will be denied.

## IV. **CONCLUSION**

At this early stage of the litigation, Clark has adequately alleged that the Litton and Designed Conveyor defendants were directly connected to the allegedly defective conveyor system in which he injured his hand. Further, although discovery may lead to a voluntary discontinuance of all claims against some or all of the other corporate defendants, they will remain in the case to determine whether they are proper defendants under successor liability. The parties are strongly encouraged to work with Hon. Therese Wiley Dancks, United States Magistrate Judge, as soon as possible to exchange discovery in an effort to identify which defendants, if any, are proper and to discontinue the claims against the other sued defendants. The defendants' cooperation will minimize the litigation expenses they seek to avoid.

Therefore, it is

ORDERED that

1. Plaintiff's cross-motion for leave to file an amended complaint is GRANTED;

2. The Litton and Northrop Grumman defendants' motion to dismiss is DENIED;

3. The Dematic and HK Systems defendants' motion to dismiss is DENIED;

4. Defendant Western Atlas Inc.'s motion to dismiss is DENIED;

5. The Designed Conveyor defendants' motion to dismiss is DENIED;

6. The Clerk of the Court is directed to file the First Amended Complaint and photographs attached thereto (ECF No. 30-5) as the operative pleading; and

7. Defendants shall file an answer to the First Amended Complaint on or before December 5, 2014.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 14, 2014
      Utica, New York.